## BUHMAN v. BECKER.

### No. 18,814; October 12, 1895.

#### 42 Pac. 28.

**Assumpsit for Services Rendered—Sufficiency of Evidence.**—In assumpsit for the value of services in permanent improvements of a vineyard, defendant admitted the improvements, but claimed that they were made by plaintiff as lessee. There was evidence that defendant persuaded plaintiff, his son in law, to take the vineyard instead of leasing other land, saying that he did not know whether any profit could be made out of it or not, but that plaintiff would lose nothing by it; that he told plaintiff and others that he intended to give the vineyard to his daughter, and advised plaintiff to make improvements; that, until the death of his wife, plaintiff worked part of the time for defendant, but most of the time in improving the vineyard, paying out above receipts $2,900; that, after the death of the wife, defendant demanded $1,000 for rent, and that plaintiff leave the premises with all the improvements. Held, that plaintiff should recover for his services and the improvements.

APPEAL from Superior Court, Solano County; A. J. Buckles, Judge.

Action by William Buhman against Charles Becker for reasonable value of services in working and permanent im-

provements to a vineyard. From a judgment for plaintiff, defendant appeals. Affirmed.

Driver & Sims for appellant; J. M. Gregory for respondent.

VANCLIEF, C.—Action to recover from defendant the reasonable value of work and labor alleged to have been performed by plaintiff for and at the request of defendant in cultivating a tract of defendant's land, on which was a vineyard, during the years A. D. 1891 and 1892, and in constructing upon said land a dwelling-house and a barn, and in manufacturing boxes and trays in which to cure and store raisins produced from said vineyard; and also to recover the value of the lumber and other materials furnished and used by plaintiff in the construction of said house and barn, and in manufacturing said boxes and trays. The amount for which plaintiff prays judgment is an alleged unpaid balance of $4,345.27. The defendant denied that the alleged labor was performed or the materials furnished at his request, and denied that he promised to pay for either. He also filed a cross-complaint, alleging that he leased said tract of land and said vineyard to plaintiff at a rental of $500 per annum, and that plaintiff occupied and cultivated the land and vineyard during said term as a tenant under said lease; that there was due from plaintiff to defendant $1,000 for rent, and also $2,104.73 for money which, at the special instance and request of the plaintiff, the defendant had expended and paid out in erecting improvements on said leased premises, and for conducting the business of raising grapes thereon, which the plaintiff promised to pay out of the proceeds of the first grape crop, but which he has wholly failed to pay; and for these sums, amounting to $3,104.73, the defendant prays judgment against the plaintiff. The court found that plaintiff had performed the labor and furnished the materials at the instance of defendant, as alleged in the complaint, and that the answer and cross-complaint of defendant were wholly untrue, except that defendant had paid to plaintiff during said term sums of money amounting to $1,722.73, but further found a balance due plaintiff from defendant of $2,104.65, for which judgment was rendered against defendant. Defendant appeals from the judgment on a bill of exceptions as to matters of law and fact.

I think the evidence justifies the findings of fact. Without conflict it shows that plaintiff performed the labor and furnished the materials, as alleged in the complaint, at the instance of the defendant, and that such labor and materials were reasonably worth as much as they were estimated to be worth by the court. Nor was there any dispute that defendant had advanced to plaintiff $1,722.73, for which the court gave defendant credit. As to the additional credit of $382 claimed by defendant, the preponderance of evidence was clearly against him. On the issue as to a lease of the land to plaintiff, the direct express testimony was conflicting, and about evenly balanced; but the circumstantial evidence was altogether in favor of the plaintiff.

Counsel for appellant seem not to appreciate the force of the circumstantial evidence, the salient features of which are as follows: The defendant is a farmer, estimated to be worth sixty to seventy thousand dollars. In November, 1890, defendant's daughter Emma and plaintiff became engaged to be married, and plaintiff was then negotiating for a lease of land from a Mr. Curtis, on which he intended to live after marriage. About a week after the engagement, and only two weeks before the marriage of plaintiff to defendant's daughter, defendant dissuaded plaintiff from taking the lease from Curtis, and persuaded him to take and cultivate defendant's vineyard tract. As to the terms of the agreement then made, the evidence is conflicting, but sufficient to justify the finding of the court. On the part of the plaintiff it tends to prove that defendant told plaintiff that he had never been able to determine whether any profit could be made from the vineyard or not, but that, if plaintiff would take and run it carefully long enough to determine whether it could be made profitable (no definite time mentioned), defendant would guarantee that plaintiff should lose nothing by the experiment; that, before and frequently after the marriage, defendant told plaintiff and others that he intended to give the quarter section, including the vineyard, to plaintiff's wife for her home, and advised plaintiff to erect thereon all the improvements above mentioned. From the date of their marriage, in November, 1890, until the summer of 1891, plaintiff and his wife lived with defendant's family, working a part of the time for defendant, but most of the time on the improvements of the vineyard tract; that, besides his own personal labor,

plaintiff expended during the years 1891 and 1892 about $2,900 of his own money on the improvements, and in carrying on the grape and raisin business, over and above all receipts from the produce of the vineyard; that on May 29, 1892, plaintiff's wife died; that, immediately after the harvest and marketing of the grape crop of 1892, plaintiff and defendant first attempted to settle the affairs of their business, when defendant demanded $1,000 for rent, and that plaintiff should lease the premises with all the improvements thereon constructed by him. With the aid of these circumstances, the evidence, though conflicting, is quite sufficient to justify the finding that there was no lease, and that it was not intended nor understood by either party that the plaintiff was to pay rent; but, on the contrary, that defendant expressly informed plaintiff that he intended to give the land to plaintiff's wife for her home, and intentionally induced plaintiff to make the permanent improvements thereon with the understanding that they should be occupied and used as his future home. In accordance with defendant's direction, plaintiff kept accurate accounts of the expenses and receipts of the vineyard during the two years, showing a loss of $62.60. The judgment for $2,104.65 is composed of three items, as follows: Labor and material in making the trays and boxes, $1,112.50; labor and materials in constructing buildings and fences, $2,302.28, less $1,372.73 paid by defendant—$929.55; and loss in cultivating vineyard, $62.60. It does not appear that plaintiff was allowed any compensation for his labor in managing or cultivating the vineyard. The trays and boxes, as well as the fixtures, remain in possession of defendant, who forbade the removal thereof by plaintiff. I think the judgment should be affirmed.

We concur: Britt, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.